# SUPREME COURT.

HENRY HIRSCH agt. WILLIAM S. LIVINGSTON, Executor, &c., JEREMIAH PANGBURN, Purchaser, appellant.

*When purchaser at mortgage sale may refuse to take title.*

Where a purchaser of a leasehold interest for a term of years at a mortgage foreclosure sale of premises in the possession of tenants at the commencement of the action, and who remain in possession at the time of the sale, but not made parties to the foreclosure proceedings, he is not bound to complete his purchase and take a title.

*General Term, First Department, October,* 1874.

DAVIS, *P. J.*, BARRETT *and* DANIELS, *JJ.*

APPEAL from order by Pangburn, denying motion that the referee, making sale of mortgaged premises, refund the deposit made by the purchaser, pursuant to the terms of sale, and that he be discharged from his bid.

*Aug. R. McMahon,* for appellant.

*M. S. Thompson,* for respondent.

DANIELS, *J.* — The premises were sold under a foreclosure judgment, recovered by the plaintiff in this court in an action in his favor against William S. Livingston and another. The interest sold in them consisted of a term for years, created by a lease given by William B. Astor.

After the appellant had bid off the property, subscribed

the terms of sale and paid ten per cent upon the purchase-price, he declined to take the title on account of certain restraints imposed by the lease, and because, at the time when the action was commenced there were tenants in possession of the demised premises, who ever since then continued therein, that were not made parties to the action and were not bound by the judgment.

These *objections* were verified by the affidavit of the appellant, and have not been denied on the part of the plaintiff. For that reason they must be assumed to be well founded in fact; and if they are, then the purchaser has shown that he could not, by any legal proceedings under the judgment, acquire possession of the premises sold him if he had taken a conveyance of the title. For, as the tenants were in possession when the action was commenced and since remained in possession, it is clear that they could not be forcibly dispossessed by any process which could be issued to enforce the judgment (*Fuller* agt. *Van Geesen*, 4 *Hill*, 171). If such a sale would give the purchaser a title, it would fail to confer any right of possession against the tenants holding the property; and that would deprive him of an important interest which he was justified in expecting would be acquired by his purchase. If the tenants were willing to yield up their possession to the purchaser at the foreclosure sale, that ought to have been shown as a fact by way of answer to his motion. As long as that was not attempted, it cannot be presumed for the purpose of compelling him to receive a title plainly defective. What he had a right to suppose he was to receive by means of the purchase was not merely a title to the interest sold, but beyond that, the power of securing immediate possession. If he could obtain the former the latter did not exist, because of the defective proceedings in the foreclosure action, and that, under the law governing the obligations of purchasers at foreclosure sales, in courts of equity, was sufficient to justify the appellant in his refusal to complete the purchase (*Moffatt* agt. *Mowatt*, 2 *Paige*, 586–

Hirsch agt. Livingston.

590; *Veeder* agt. *Fonda,* 3 *id.,* 94; *Seaman* agt. *Hicks,* 8 *id.,* 655).

The order should be reversed, with ten dollars costs besides disbursements on the appeal, and an order should be entered relieving the purchaser from his bid, and directing the deposit made by him to to be refunded by the referee.

DAVIS, P. J., and BARRETT, J., concurred.